# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA LEWIS<br>3967 Waderidge Trail<br>Groveport, Ohio 43215 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| CARCORP, INC. d.b.a. DENNIS HYUNDAI OF EASTON<br>2900 Morse Road<br>Columbus, Ohio 43231 | ) ) ) ) ) | **JURY DEMAND ENDORSED HEREIN** |
| **Serve also:**<br>CarCorp, Inc.<br>c/o Keith A. Dennis<br>2900 Morse Road<br>Columbus, Ohio 43231 | ) ) ) ) ) ) | |
| -and- | ) ) | |
| KEITH A. DENNIS<br>c/o CarCorp, Inc.<br>2900 Morse Road<br>Columbus, Ohio 43231 | ) ) ) ) ) | |
| -and- | ) ) | |
| AARON CASTO<br>c/o CarCorp, Inc.<br>2900 Morse Road<br>Columbus, Ohio 43231 | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Victoria Lewis, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES AND VENUE

1. Lewis is a resident of the city of Groveport, county of Franklin, state of Ohio.



2. CarCorp, Inc. d.b.a. Dennis Hyundai of Easton (hereinafter referred to as "CarCorp") is a domestic corporation that operates a business located at 2900 Morse Road, Columbus, Ohio 43231.

3. Upon information and belief, Keith Dennis is a resident of the state of Ohio.

4. Dennis was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at CarCorp who acted directly or indirectly in the interest of CarCorp.

5. Dennis was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

6. Dennis made, or participated in, the adverse actions asserted herein.

7. Upon information and belief, Aaron Casto is a resident of the state of Ohio.

8. Casto was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at CarCorp who acted directly or indirectly in the interest of CarCorp.

9. Casto was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

10. Casto made, or participated in, the adverse actions asserted herein.

## JURISDICTION & VENUE

11. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Lewis is alleging a Federal Law Claim under the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

12. All material events alleged in this Complaint occurred in county of Franklin.

13. This Court has supplemental jurisdiction over Lewis' state law claims pursuant to 28 U.S.C. § 1367 as Lewis' state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

The Employee's Attorney.™



14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

15. Within 300 days of the conduct alleged below, Lewis filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 846-2017-10775.

16. On or about April 16, 2018 the EEOC issued and mailed a Notice of Right to Sue letter to Lewis regarding the Charges of Discrimination brought by Lewis.

17. Lewis received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

18. Lewis has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

19. Lewis has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

20. Lewis is a former employee of CarCorp.

21. CarCorp hired Lewis on or about March 20, 2017.

22. CarCorp hired Lewis as the Business Development Manager (hereinafter, "BDC Manager").

23. Lewis is African American.

24. Lewis was 59 years old at the time of her termination.

25. Dennis is Caucasian.

26. During all material events herein, Dennis was the President of Dennis Hyundai of Easton and/or CarCorp.

27. During all material events herein, Dennis managed Lewis' employment.

28. Casto is Caucasian.



29. During all material events herein, Casto was the General Manager of Dennis Hyundai of Easton and/or CarCorp.

30. During all material events herein, Casto managed Lewis' employment.

31. Prior to working for CarCorp, Lewis had extensive business development experience.

32. Prior to working for CarCorp, Lewis worked in business development for approximately 17 years.

33. Prior to working for CarCorp, Lewis had extensive experience in management in a business development setting.

34. Casto reached out to Lewis to see whether she would be interested in a position with CarCorp.

35. Upon information and belief, Casto reached out to Lewis to see whether she would be interested in a position with CarCorp due to her extensive experience in management in a business development setting.

36. Upon information and belief, Defendants hired Lewis in part to obtain new and fresh ideas for business development.

37. During Lewis' employment, she was the only African American in a management-level position.

38. Part of Lewis' duties were to manage business development representatives (hereinafter, "BDC Reps").

39. At the time of Lewis' hiring, CarCorp did not employ any African American BDC Reps.

40. During Lewis' employment, one of the BDC Reps was Christina Thomas.

41. Thomas is Caucasian.

42. Upon information and belief, at all material times herein, Thomas was in her late 30's or early 40's.



The Employee's Attorney.™

43. At all material times herein, Thomas was substantially younger than Lewis.

44. CarCorp did not write up Lewis during her employment.

45. As soon as Lewis started working for CarCorp, she took an active role in setting up meetings.

46. As soon as Lewis started working for CarCorp, she took an active role in setting up strategies to ramp up business.

47. As soon as Lewis started working for CarCorp, she requested Thomas to perform more work, and to perform tasks in a different fashion.

48. Thomas did not like Lewis and Lewis' new style.

49. Upon information and belief, Thomas did not like Lewis due to her race.

50. Upon information and belief, Thomas wanted to get Lewis fired due to her race.

51. Thomas took it upon herself to make false allegations to Casto in an attempt to get Lewis fired.

52. During Lewis' employment, she hired an African American BDC Rep.

53. Two days after Lewis hired an African American BDC Rep, Defendants terminated her employment.

54. Defendants terminated Lewis' employment because she hired an African American BDC Rep.

55. As part of Lewis' employment, she was also promised commissions based on CarCorp's sales.

56. Defendants terminated Lewis on or about April 6, 2017.

57. Casto advised Lewis of Defendants' decision to terminate her employment.

58. When Casto advised Lewis that Defendants were terminating her employment, he stated, "I don't think you are going to follow our process."

59. Although Casto stated Lewis was not going to follow their "process," Defendants gave Lewis a $ 1,000 bonus one week prior to terminating her employment.

The Employee's Attorney.™ 

60. Defendants gave Lewis a $ 1,000 bonus one week prior to terminating her employment due to business she generated through business development.

61. Although Casto stated Lewis was not going to follow their "process," Defendants arranged for Lewis to travel to a conference to be trained on CarCorp's vendor's program.

62. CarCorp terminated Lewis' employment before she had a chance to get fully trained on CarCorp's vendor's program.

63. Upon information and belief, Defendants have a progressive disciplinary policy.

64. Defendants violated their own progressive disciplinary policy when they terminated Lewis' employment.

65. Upon information and belief, Defendants do not violate their own progressive disciplinary policy when they terminate the employment of Caucasian employees.

66. Upon information and belief, Defendants do not violate their own progressive disciplinary policy when they terminate the employment of individuals substantially younger than Lewis.

67. Defendants terminated Lewis due to her race, African American.

68. When Defendants terminated Lewis, they replaced her with Thomas, who is Caucasian.

69. Thomas is substantially less qualified for the position of BDC Manager.

70. Defendants terminated Lewis due to her age.

71. When Defendants terminated Lewis, they replaced her with Thomas, who is substantially younger than Lewis.

72. Upon information and belief, Dennis participated in, or made the decision, to terminate Lewis' employment.

73. Upon information and belief, Chris Sexton participated in, or made the decision, to terminate Lewis' employment.



74. Sexton is Caucasian.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq.*

### (Against CarCorp, Inc.)

75. Lewis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. Throughout her employment, Lewis was fully competent to perform her essential job duties.

77. Defendants treated Lewis differently than other similarly situated employees based on her race.

78. Defendants violated Ohio Revised Code 42 U.S.C. 2000e-2 *et seq.* by discriminating against Lewis due to her race.

79. Defendants treated similarly-situated, Caucasian employee(s) more favorably than Lewis.

80. Defendants terminated Lewis without just cause.

81. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

82. Defendants replaced Lewis with a Caucasian employee.

83. Defendants replaced Lewis with a Caucasian employee with substantially less experience.

84. Defendants terminated Lewis based on her race.

85. Defendants violated 42 U.S.C. 2000e-2 *et. seq*. when they terminated Lewis based on her race.

86. Lewis suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 2000e-2 *et seq*.

87. As a direct and proximate result of Defendants' conduct, Lewis has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.



## COUNT II: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.02 *et seq.*

### (Against All Defendants)

88. Lewis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

89. Throughout her employment, Lewis was fully competent to perform her essential job duties.

90. Defendants treated Lewis differently than other similarly situated employees based on her race.

91. Defendants violated Ohio Revised Code § 4112.01 *et seq.* by discriminating against Lewis due to her race.

92. Defendants treated similarly-situated, Caucasian employee(s) more favorably than Lewis.

93. Defendants terminated Lewis without just cause.

94. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

95. Defendants terminated Lewis based on her/his race.

96. Defendants violated O.R.C. § 4112.01 *et seq*. when they terminated Lewis based on her race.

97. Defendants replaced Lewis with a Caucasian employee.

98. Defendants replaced Lewis with a Caucasian employee with substantially less experience.

99. Lewis suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

100. As a direct and proximate result of Defendants' conduct, Lewis has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.



## **COUNT III: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 621** *et seq.*

### **(Against CarCorp, Inc.)**

101. Lewis restates each and every prior paragraph of this complaint, as if it were fully restated herein.

102. Lewis was 59 years old at the time of her termination.

103. At all times relevant, Lewis was a member of a statutorily-protected class under 29 U.S.C. § 621 *et seq*.

104. Defendants treated Lewis differently from other similarly situated employees based on her age.

105. Defendants treated a substantially younger individual better than Lewis, due to her age.

106. As of the date of her termination, Lewis was fully qualified for her position and employment with the Defendants.

107. After terminating Lewis, the Defendants replaced Lewis with a person who was significantly younger than Lewis.

108. The Defendants violated 29 U.S.C. § 621 *et seq*. by discriminating against Lewis based on her age.

109. Lewis suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant 29 U.S.C. § 621 *et seq*.

110. As a direct and proximate result of the Defendants' conduct, Lewis suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.



## **DEMAND FOR RELIEF**

WHEREFORE, Lewis demands from Defendants the following:

(a) Issue a permanent injunction:

    (i) Requiring CarCorp to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring CarCorp to restore Lewis to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Lewis for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;



(e) An award of reasonable attorneys' fees and non-taxable costs for Lewis' claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

        Respectfully submitted,

        */s/Matthew G. Bruce*
        Matthew G. Bruce (0083769)
        Evan R. McFarland (0096953)
        **THE SPITZ LAW FIRM, LLC**
        25200 Chagrin Blvd., Ste. 200
        Beachwood, Ohio 44122
        Phone: (216) 291-4744 x 126
        Fax:    (216) 291-5744
        Email: matthew.bruce@spitzlawfirm.com

        *Attorney for Plaintiff Victoria Lewis*



## **JURY DEMAND**

Plaintiff Victoria Lewis demands a trial by jury by the maximum number of jurors permitted.

>                         */s/Matthew G. Bruce*
>                         Matthew G. Bruce (0083769)

